047782/19344/TPD/RCW

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENNISHA REED and LENN REED JR., as Co-Administrators of the Estate of LENN REED, SR., #B28789, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, STEPHEN RITZ, and FAIYAZ AHMED, <br><br> Defendants. | Case Number _____ |

## MOTION TO QUASH SUBPOENA

COME NOW Defendants, WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O., by and through their attorneys, CASSIDAY SCHADE LLP, and for their Motion to Quash Subpoena, state as follows:

On October 21, 2021, Plaintiff served a subpoena via email upon the Uptown People's Law Center in Chicago, Illinois, via email to Alan Mills at "alan@uplcchicago.org". The subpoena requested production of the following:

> All documents sufficient to identify by name and IDOC # all patients discussed in the 2012 (Shansky) and 2018 (Puisis) court-appointed expert reports submitted in Lippert v. Godinez, No. 1:10-cv-04603 (N.D. Ill.)

Subpoena, Oct. 21, 2021, attached as Exhibit "A".

The subpoena was received by undersigned counsel at 2:11 p.m. on October 21, 2021. The time given on the subpoena for the response of Uptown People's Law Center ("UPLC") was 12:45 p.m. on the same date, October 21, 2021. *See* Ex. A. Therefore, the subpoena provided no time for the parties to object to the subpoena, or to gather the documents to provide in response to the subpoena, before the time when a response was demanded.

Rule 45 of the Federal Rules of Civil Procedure provides the rules governing subpoenas in federal court. The grounds under which the court should quash a subpoena are provided in Rule 45(d)(3). There are at least two grounds under which the subpoena issued by Plaintiff must be quashed: Rule 45(d)(3)(i), because the subpoena did not allow a reasonable time to comply (or object) and Rule 45(d)(3)(iii), because the subpoena requires disclosure of facts that are subject to a protective order that forbids their production.

I.      **Movants, or at least Wexford Health Sources, Inc., have standing to move to quash the subpoena because they have a legitimate interest in the enforcement of the protective orders issued in *Lippert v. Godinez* under which confidential information was provided to a court-appointed expert.**

Wexford Health Sources, Inc. ("Wexford"), one of the movants in the instant motion, was a named defendant in *Lippert*. *Lippert v. Godinez*, SECOND AMENDED COMPLAINT, No. 1:10-cv-04603 ECF No. 39 (N.D. Ill.) Additionally, Uptown People's Law Center entered as counsel for the plaintiffs in that action. *Id*. at ECF No. 781. As such, Uptown People's Law Center, as "counsel for any party," is bound by the aforementioned orders entered by the court in *Lippert v. Godinez* No. 1:10-cv-04603 ("*Lippert*").

"Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Biedrzycki v. Town of Cicero*, No. 04 C 3277, 2005 U.S. Dist. LEXIS 16423, at *8 (N.D. Ill. Aug. 8, 2005).

While Defendants are third parties to the subpoena Plaintiff sent to UPLC, "a party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests," including, "claims of privilege." *Biedrzycki v. Town of Cicero*, No. 04 C 3277, 2005 U.S. Dist. LEXIS 16423, at *8-9 (N.D. Ill. Aug. 8, 2005). As Wexford is a party to *Lippert*, where Uptown People's Law Center is bound by that court's privacy orders,

2

Wexford, at least, has a legitimate interest in ensuring those privacy orders are upheld and enforced. Wexford provided confidential information that was utilized in the expert reports in *Lippert* relying on the protections of confidentiality that were ordered by that court. For this reason, Wexford has standing to bring this Motion to Quash.

**II.    The subpoena should be quashed because it did not allow any time, much less "reasonable time" to comply or object to the subpoena.**

Rule 45(d)(3)(i) provides that on a timely motion, the court "must quash or modify" a subpoena if it "fails to allow a reasonable time to comply." The subpoena at issue provided absolutely no time for compliance, as the deadline for compliance given in the subpoena expired approximately one and one-half hours before the subpoena was served. *See* Ex. A. Under the plain wording of Rule 45(d)(3)(i), the subpoena must be quashed because it failed to allow a reasonable time to comply.

**III.    The subpoena should be quashed because it requires disclosure of information barred from production by orders issued in *Lippert v. Godinez*.**

Rule 45(d)(3)(iii) provides that the Court must quash a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies."

The subpoena expressly and specifically requests information that is barred from production by orders issued in *Lippert v. Godinez*.

On December 19, 2013, the court overseeing *Lippert* issued an order appointing an expert for the court. *See* Agreed Order Appointing Expert in *Lippert*, attached as Exhibit "B". Subpart 6a of that order required the expert, his consultants and assistants, and "counsel for any party,"[1] to "maintain the confidentiality of all material obtained and reviewed pursuant to this Order, as if

---

[1] The respondent to the subpoena at issue in this motion serves as counsel for one or more parties in the *Lippert* matter, and so qualifies as "counsel for any party" as that term is used in Subpart 6a of the order at Exhibit B.

all material was marked 'Attorneys Eyes Only' as set forth in the Protective Order entered by this Court on April 11, 2012." Ex. B, p. 5.

The Protective Order entered by the *Lippert* court on April 11, 2012, provides that materials designated "Attorneys Eyes Only," including "copies thereof, and any confidential information contained therein, should not be disclosed to any person." Protective Order issued in *Lippert*, attached hereto as Exhibit "C" (emphasis added). The Protective Order provides only two exceptions to the prohibition on disclosure of the materials. The materials could be produced to "[t]he Court, its officers, and any jury seated to hear this case [*Lippert*]," and the "attorneys of record" in *Lippert* and their employees, provided that they signed a confidentiality agreement in a form attached to the Protective Order, "who shall use such information solely for purposes of this [the *Lippert*] litigation."

The Protective Order in *Lippert* remains in full force until it is modified by the *Lippert* court. *See* Ex. C, p. 7-8. That court expressly reserved the "final and complete authority" to redesignate any confidential document as a public document." Ex. C, p. 8. Per undersigned counsel's review of the *Lippert* docket, the above-cited portions of the Protective Order remain in effect.

The reports prepared by court-appointed experts in *Lippert* included analysis of confidential medical information provided on particular inmates whose identities were ordered to be anonymized and to remain secret. Plaintiff's subpoena requests that UPLC provide information that would strip the confidentiality away from those inmates. The inmates would then become subject to public scrutiny and involvement in any case in which parties may seek to use the *Lippert* reports currently or in the future. The *Lippert* court obtained the consent of the parties in that action to publicly produce and analyze the particular medical histories of these

inmates on the express conditions that the inmate patients' anonymity would not be lost, subjecting them to such public exposure.

**IV.     The instant motion to quash is timely**

Fed. R. Civ. P. 45(d)(3)(A) provides that the court must quash a subpoena under certain circumstances when requested to do so in a "timely motion." The subpoena was sent via email on October 21, 2021. *See* Ex. A. As noted above, the subpoena provided no time before the deadline to respond, as it assigned a response time that expired approximately one and one-half hours before it was emailed. *See id.* Therefore, the deadline to respond to the subpoena cannot define the extent of a "timely" period to respond to or move to quash the subpoena. Fed. R. Civ. P. 45 does not provide a deadline when a motion to quash should be filed. Undersigned has received no indication that UPLC has responded to Plaintiff's subpoena. Under the circumstances in this case, the instant motion is timely.

**V.     Conclusion**

The subpoena issued by Plaintiff must be quashed pursuant to Rule 45(d)(3)(i), because the subpoena did not allow a reasonable time to comply (or object), and pursuant to Rule 45(d)(3)(iii), because the subpoena requires disclosure of facts that are subject to a protective order that forbids their production. The Court must quash the subpoena commanding Uptown People's Law Center produce documents sufficient to identify by name and IDOC number, all patients discussed in the 2014 (Shansky) and 2018 (Puisis) court-appointed expert reports submitted in *Lippert*. Uptown People's Law Center is bound by court orders in *Lippert* to protect the confidentiality of the materials received and reviewed by the court appointed experts, as well as the information contained within. Providing information that would lead to the

discovery of anonymous patients mentioned in those reports would be a breach of the orders in *Lippert*.

WHEREFORE, Defendants, WEXFORD HEALTH SOURCES, INC., VIPIN SHAH, M.D., and STEPHEN RITZ, D.O., respectfully request that the Court quash the subpoena issued by Plaintiff to Uptown People's Law Center.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:  /s/ Timothy P. Dugan
  One of the Attorneys for Defendant,
  WEXFORD HEALTH SOURCES, INC., VIPIN
  SHAH, M.D., and STEPHEN RITZ, D.O.

Timothy P. Dugan
ARDC No. 6271610
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
tdugan@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2021, I electronically filed the foregoing Motion with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

ATTORNEYS FOR DEFENDANT, FAIYAZ AHMED, M.D.:
Keith Hill
Heyl, Royster, Voelker & Allen, P.C.
105 West Vandalia, Suite 100
Edwardsville IL 62025
khill@heylroyster.com


ATTORNEYS FOR PLAINTIFF
Sarah Copeland Grady
Jon I. Loevy
Stephen H. Weil
Loevy & Loevy
311 N. Aberdeen Street, Third Floor
Chicago, IL 60607
sarah@loevy.com
jon@loevy.com
weil@loevy.com


and I hereby certify that a true and correct copy of the foregoing Motion was served via regular mail to the following non-CM-ECF participant at the following addresses via email on November 5, 2021. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

Uptown People's Law Center
ATTN: Alan Mills
4413 N. Sheridan Rd.
Chicago, Illinois 60640
alan@uplcchicago.org

The Illinois Department of Corrections
ATTN: Robert Fanning
1301 Concordia Ct.
P.O. Box 19277

Springfield, IL 62794-9277
Robert.Fanning@illinois.gov

/s/ Timothy P. Dugan

10011524 RWALLIS;RWALLIS

8